985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Blanca KAVOURAS, Plaintiff/Appellant,
v.
Ricardo FERNANDEZ, et al., Defendants/Appellees.
 No. 92-1291.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 5, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Blanca Kavouras intervened in a law suit held before a Wisconsin trial court seeking to foreclose a mortgage she claimed to hold on a certain parcel of land, the disputed ownership of which was the subject of the law suit. The other parties to the suit were Colleen Powers and Ricardo Fernandez, two of the appellees in this case. The Rusk County Circuit Court awarded the property to Colleen Powers "free and clear of any right, title, interest, claim, lien or equity of redemption of the defendant, Ricardo A. Fernandez and the intervenor Blanca Kavorous [sic]." Kavouras then filed suit in federal district court seeking to foreclose on the same mortgage that she tried to foreclose on in state court. The district court held that the doctrine of res judicata barred this action because Kavouras already had litigated the issue fully in state court; therefore, the court dismissed with prejudice all of Kavouras's claims. She now appeals from that ruling.
 
 
 2
 Having had her claims fully litigated in state court, Kavouras can not now come to federal court for a second bite at the apple. "For it is well settled that 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.' " Leaf v. Supreme Court of the State of Wisconsin, 979 F.2d 589, 600 (7th Cir.1992) citing Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 81 (1984). In Wisconsin a final judgment on the merits prevents a party from relitigating issues that were or could have been raised in the initial cause. Barbian v. Lindner Bros. Trucking Co., 316 N.W.2d 371, 374 (Wis.1982). These rules bar Kavouras's current claims. Plainly, she is asking a federal court to undo a final judgment of a state court; res judicata prevents us from doing that.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellee Ricardo Fernandez filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record